ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LARRIE LADELL CAMPBELL, )<br>  )<br>Petitioner, )<br>  )<br>v. )<br>  )<br>UNITED STATES OF AMERICA, )<br>  )<br>Respondent. )<br>  ) | CASE NO. 1:22CR268<br>         1:24CV1401<br><br>Judge John R. Adams<br><br>**ORDER** |

Pending before the Court is Petitioner Larrie Campbell's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255.  Doc. 47.  Campbell has also moved to amend the petition to add a ground for relief.  Doc. 50.  The motion to amend is GRANTED.  The Government has opposed the amended motion, and Donnell has replied.  Upon review, the motion to vacate, with its amendment, is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence

of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Campbell's contention appears to be that his trial counsel was ineffective in four instances: 1) failing to fully challenge the two-level enhancement he received for possessing a firearm, 2) failing to challenge the drug purity, 3) inducing him to plead guilty, and 4) giving him incorrect advice regarding his eligibility for First Step Act credits. The Court reviews each contention in turn.

Campbell's burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Campbell must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Campbell must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that

defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

   1. <u>Firearm Enhancement</u>

Campbell contends that his counsel did not contest this two-level enhancement *enough*. It is unclear what further conduct Campbell believes his counsel could have performed related to this enhancement. Counsel presented Campbell's girlfriend who claimed that she had placed the firearm in the vehicle and that Campbell was unaware of its presence. Campbell ignores that this Court observed this testimony and found it wholly unreliable. Campbell also ignores that Postal Inspect Michael Adams offered testimony in which he asserted that Campbell told him that both dugs and a firearm would be recovered from the vehicle. Given those facts, Campbell falls well short of demonstrating that his counsel was deficient.

To the extent that Campbell seems to suggest that either he was not returning to the vehicle at the time he was apprehended or that the Government somehow failed to demonstrate constructive possession, he is incorrect. Inspector Adams provided clear testimony of observing Campbell exit the vehicle, engage in counter-surveillance in the area, enter the residence of the targeted delivery, and exit the residence and walk back toward the vehicle. The Government's evidence more than amply demonstrated constructive possession of the firearm. As such, Campbell cannot demonstrate any defective performance by his counsel as it relates to the firearm.

   2. <u>Drug Weight Stipulation</u>

Campbell appears to take issue with the fact that his counsel did not engage in some form of independent testing of the drugs at issue. Campbell insists that by not testing the purity of the drugs at issue, his counsel was deficient. However, Campbell has offered no argument as to how testing would have altered any aspect of his sentencing. The Government's lab report indicated

that the pills at issue were fentanyl and weighed 2,204.67 grams. No purity analysis was necessary in Campbell's advisory guideline calculation, so there is no basis to contend that counsel was defective for failing to seek out independent testing.

3. Induced to plead guilty

Campbell next asserts that counsel induced him to plead guilty. It appears that Campbell is asserting that counsel promised that he could challenge the drug weight and the firearm enhancement on appeal and that those assertions "induced" him to plead guilty. The record refutes these contentions. The Court engaged in a full and complete Rule 11 colloquy with Campbell prior to accepting his guilty plea. During that hearing, Campbell denied that anyone had made him any promises to persuade him to enter his plea. Doc. 41 at 6. Moreover, the Court explained in detail the impact of Campbell's appellate waiver. Doc. 41 at 11-12. As such, Campbell cannot maintain that he was induced by unspoken promises regarding his appeal while he acknowledged under oath that he could not appeal those matters.

Furthermore, any suggesting that Campbell was essentially "duped" into pleading guilty because he was unfamiliar with the justice system is not supported by the record. Campbell had 18 prior adult convictions before his guilty plea in these proceedings. There is simply no factual basis to suggest he did not understand the proceedings or the impact of his guilty plea. This claim for ineffective assistance of counsel also fails.

4. First Step Credits

In his final ground for relief, Campbell contends that his counsel improperly advised him that he would be eligible for First Step Act credits toward reducing his sentence. However, the Government has provided notice that the BOP has found Campbell eligible for these credits. Accordingly, he cannot show any defective conduct by his counsel.

Based upon the above, the motion to vacate is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

October 28, 2025  /s/John R. Adams
Date  John R. Adams
U.S. District Judge